**Raymond J. AAB, Trustee in Bankruptcy for James Daugherty, Ltd., Plaintiff,**

v.

**LOEHMANN'S, INC., Defendant.**

**No. 80 Civ. 0011 (KTD).**

United States District Court,
S. D. New York.

Jan. 23, 1981.

Raymond J. Aab, New York City, for plaintiff.

Reavis & McGrath, New York City, for defendant; Joseph P. Zammit and Susan G. Rosenthal, New York City, of counsel.

MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

In this diversity action to invalidate a prebankruptcy sale of merchandise, defend-

ant has moved for summary judgment. The facts in this case have been stipulated to by the parties. The plaintiff, Raymond J. Aab, is the Trustee in bankruptcy for the estate of James Daugherty, Ltd. Prior to filing a petition for bankruptcy on March 22, 1979, Daugherty was in the business of manufacturing and distributing finished apparel products, including women's apparel. The defendant, Loehmann's, Inc., is a New York corporation engaged in the operation of women's discount apparel stores at approximately 44 locations throughout the United States.

Between January 31, 1979 and February 8, 1979, Loehmann's purchased out-of-season or excess merchandise from Daugherty for approximately $10,655. It is uncontroverted that this amount constituted fair and reasonable value for the purchased merchandise. Moreover, the quantity purchased during this period was similar to that purchased by Loehmann's from Daugherty in the past. In fact, it is the custom and practice in the women's apparel business for small manufacturers such as Daugherty to regularly dispose of out-of-season or excess merchandise by selling it for cash to discount retail stores such as Loehmann's. This enables manufacturers to clear obsolete inventory and obtain cash to help finance the purchase of materials to manufacture new stock.

Plaintiff instituted this action against Loehmann's to set aside the January/February sale on the grounds that the sale (i) is a bulk transfer, violative of Article 6 of the New York Uniform Commercial Code N.Y. U.C.C. § 6–101 to § 6–112 (McKinney Supp. 80–81) (The "Bulk Transfer Article" of the "Code") and (ii) is null and void pursuant to Section 70(a) of the Bankruptcy Act, 11 U.S.C. § 544(b) (1979). In order to protect creditors, these two sections allow the Trustee to void any "bulk transfers" made by the party-in-bankruptcy prior to the filing of the petition.

1. The suit was brought under the New York Bulk Sales Act, the predecessor of the current statute.

Defendant asserts on its motion for summary judgment that Article 6 of the Code was never intended to cover this type of transaction and that because the sale to Loehmann's was in the ordinary course of business it did not come within the definition of a bulk transfer under the Code. Section 6–102(1) of the Code defines a "bulk transfer" as "any transfer in bulk and not in the ordinary course of the transferor's business of a major part of the materials, supplies, merchandise or other inventory of an enterprise subject to this Article."

Plaintiff argues that the January/February sale was not in the ordinary course of business because it was part of a close-out sale of all of Daugherty's assets on the eve of its filing a bankruptcy petition. Along with the sale of merchandise to Loehmann's, Daugherty sold the rest of its merchandise and all of its fixtures and equipment to another purchaser. Plaintiff submits that the close-out sale of all of Daugherty's assets, within weeks of filing a bankruptcy petition, takes an otherwise routine sale of end-of-season merchandise by Daugherty to Loehmann's out of the ordinary course of business, and brings the transaction within the purview of the Bulk Sales Law.

Based on longstanding New York law, defendant's motion must be granted. It is clear that the January/February sale described by the parties here was not a bulk transfer. The New York Court of Appeals ruled in *Sternberg v. Rubenstein*, 305 N.Y. 235, 238, 112 N.E.2d 210, 211 (1953) that the sale of "off-season" shoes-merchandise rendered "obsolete" by the passage of time was exempt from the Bulk Transfer Article of the Code.[1] The sale of similar "off season" merchandise occurred in the case at Bar. The subsequent sale of Daugherty's equipment and remaining inventory to other purchasers prior to the filing of the bankruptcy petition does not alter the applicability of this holding to the present facts.

Defendant's motion for summary judgment is hereby granted.

SO ORDERED.